SHERRY B. SHAVIT, ESQ.; STATE BAR NO.: 193222
E-mail: sshavit@tharpe-howell.com
RANIA AFRAM, STATE BAR NO.: 216930
E-mail: rafram@tharpe-howell.com
**THARPE & HOWELL, LLP**
15250 Ventura Blvd., Ninth Floor
Sherman Oaks, CA 91403
Tel: (818) 205-9955
Fax: (818) 205-9944

Attorneys for Defendant,
SECURITAS SECURITY SERVICES USA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN TYLER,<br><br>                    Plaintiff,<br><br>v.<br><br>SECURITAS SECURITY SERVICES USA, INC.; and DOES 1 through 50, inclusive,<br><br>                    Defendants. | Case No.  8:21-cv-00694<br><br>**DEFENDANT'S NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF JUSTIN TYLER AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant SECURITAS SECURITY SERVICES USA, INC. ("Defendant" or "SUSA" and collectively with Plaintiff, "the Parties") hereby removes the above-entitled action, Case No. 21VECV00325, from the Superior Court of the State of California, County of Los Angeles and assigned to Van Nuys Courthouse East, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

This Notice is based upon the original jurisdiction of the United States District Court over the Parties under 28 U.S.C. §§ 1332, 1441, and 1446 based upon complete diversity of citizenship.

- 1 -

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

Defendant makes the following allegations in support of its Notice of Removal:

### JURISDICTION AND VENUE ARE PROPER

1.     This is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. §1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. §1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest, costs, and attorneys' fees, as set forth below.  28 U.S.C. §§1332, 1441(a), and 1446(b).

2.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2), 1391 and 1446.

### GENERAL INFORMATION

3.     On March 10, 2021, Plaintiff Justin Tyler ("Plaintiff") filed a Complaint in the Superior Court of the State of California, County of Los Angeles, assigned for all purposes to Van Nuys Courthouse East, entitled *Justin Tyler v. Securitas Security Services USA, Inc.*; and DOES 1 through 50, inclusive, designated as Case No. 21VECV00325 (hereinafter, the "Complaint"), which was first personally served on CT Corporation System, the registered agent for process in California for Defendant SUSA, on March 16, 2021. True and correct copies of the Complaint, Summons, Service of Process Transmittal forms for Defendant SUSA, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment and Alternative Dispute Resolution Information Package are attached hereto and incorporated by reference as Exhibit 1.

4.     A true and correct conformed copy of Defendant's Answer to the Complaint, which Defendant filed and served on April 9, 2021, is attached hereto and incorporated herein by reference as Exhibit 2.

5.     The attached exhibits constitute all the papers and processes that have been filed or received by Defendant in this matter.

///

DEFNDANT'S NOTICE OF REMOVAL UNDER
28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

6. This Notice of Removal is filed within 30 days after service upon Defendant of Plaintiff's Summons and Complaint in accordance with 28 U.S.C. §1446(a).

7. The Complaint also names as defendants "DOES 1 TO 50." Defendant is informed and believes, and on that basis alleges, that none of the fictitiously named defendants have been served with a copy of the Summons and Complaint. Therefore, the fictitiously named defendants are not parties to the above-captioned action and need not consent to removal. *See Fristoe v. Reynolds Metals, Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980); 28 U.S.C. §1441(a).

## COMPLETE DIVERSITY JURISDICTION

### A.   DIVERSITY OF CITIZENSHIP EXISTS

8. The United States District Court has jurisdiction over this action because complete diversity of citizenship between citizens of different states exists and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs and attorneys' fees. 28 U.S.C. §1332(a).

9. For purposes of removal, the citizenship of DOE Defendants is disregarded and only named defendants are considered. 28 U.S.C. §1441(a); *see Newcombe v. Adolf Coors Co.*, 157 F.3d 686 (9th Cir. 1998).

### *Plaintiff Justin Tyler*

10. Citizenship of a natural person is established by domicile. 28 U.S.C. §1332(a)(1) (an individual is a citizen of the state in which he/she is domiciled). A person's domicile is established by physical presence and an intent to remain indefinitely. *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986); *State Farm Mutual Auto Insurance Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is prima facie evidence of domicile for purposes of determining citizenship). In his Complaint, Plaintiff alleges that he is a resident of Orange County, California. (Complaint, ¶ 4.) Defendant is further informed and believes, and based thereon alleges, that Plaintiff continues to reside in Orange County, California. Therefore, because Plaintiff resides

DEFNDANT'S NOTICE OF REMOVAL UNDER
28 U.S.C. §§ 1332, 1441 AND 1446 (DIVERSITY JURISDICTION)

in the State of California, Plaintiff is deemed a citizen of that state for purposes of determining this Court's diversity jurisdiction. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

### *Defendant Securitas Security Services USA, Inc.*

11. For diversity of citizenship purposes, a corporation is a citizen of the state under whose laws it is organized or incorporated and the state of its principal place of business. 28 U.S.C. §1332(c); *L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 939 (9th Cir. 2011). A corporation's principal place of business is determined by the state of its "nerve center," which is "where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.*; *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

12. SUSA is a corporation which is formed in the state of Delaware. (Declaration of Sarah Jingco ("Jingco Decl."), ¶ 3.) SUSA is headquartered in Parsippany, New Jersey. (Jingco Decl., ¶ 4.) New Jersey is where SUSA's high level officers direct, control, and coordinate the company's activities. (*Id.*, ¶ 4.) Neither California, nor any other state in which SUSA operates, contains a substantial predominance of the company's operations. (*Id.*) Therefore, SUSA's "nerve center" is in the State of New Jersey. Under *Hertz Corp v. Friend,* 559 U.S. 77 (2010), SUSA is a citizen of the States of Delaware and New Jersey, as provided in 28 U.S.C. §1332(c) and is not a citizen of California.

13. For complete diversity to exist, every Plaintiff must be diverse from every Defendant. *See Calero v. Unisys Corp.,* 271 F. Supp. 2d 1172, 1176 (9th Cir. 2003.) Accordingly, because Plaintiff is a citizen of California, and Defendant is a citizen of New Jersey, complete diversity of citizenship exists between the Parties.

**B.    THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

14. Although Plaintiff's Complaint does not explicitly set forth an amount in controversy, it is clear, based on his allegations, that his claims easily exceed the jurisdictional threshold for removal.

- 4 -

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

15. To satisfy the $75,000 amount in controversy requirement, the removing party must demonstrate that the amount in controversy "more likely than not" exceeds $75,000. "Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met." *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006.) "Under this burden, the defendant must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the federal diversity jurisdictional amount requirement. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996.)

16. The general basis and recognized formulas for determining the potential amount of damages for purposes of removal further support that the $75,000 minimal amount in controversy is exceeded. This will be demonstrated in detail below.

17. Plaintiff alleges he is entitled to damages for: (1) Disability Discrimination (Cal. Gov. Code § 12940, *et. seq.*); (2) Harassment (Cal. Gov. Code §12940, *et. seq.*); (3) Retaliation (Cal. Gov. Code § 12940, *et. seq.*); (4) Violation of the Whistleblower Protection Act (Cal. Lab. Code § 1102.5); and (5) Wrongful Termination in Violation of Public Policy.

18. In *Chavez v. JPMorgan Chase*, 888 F.3d 413 (9th Cir. 2018), the Ninth Circuit held that the amount in controversy is not limited to damages incurred prior to removal. Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious. *Id.* at 414-415. That the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy. *Id.* at 417, citing *Steel v. United States,* 813 F.2d 1545, 1547 (9th Cir. 1987). Thus, the amount in controversy includes all relief claimed at the time of removal to which Plaintiff would be entitled if he prevails, including future lost wages.

///

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

19.    In this case, Plaintiff seeks recovery of economic damages.  (Complaint ¶¶ 47, 64, 67, 75, 78, and Prayer for Relief ¶¶ 1, 2.) These damages include loss of earnings and future earning capacity (*Id.*) Plaintiff's employment ended effective March 24, 2020. (Jingco Decl., ¶ 5.) At that time, Plaintiff was paid approximately $41,600 per year, based upon an hourly rate of $20.00 per hour, and excluding any potential overtime and/or double time.  (Jingco Decl., ¶ 5.)  Assuming this case proceeds to trial one year from now, Plaintiff could claim up to approximately two years' worth of salary, or **$83,200** in lost straight time wages alone.  Despite the preceding, Plaintiff does not limit the amount of economic damages he is seeking. However, the failure of the Complaint to specify the amount of damages sought by Plaintiff does not deprive this Court of jurisdiction.  *See, White v. J.C. Penny Life Ins. Co.*, 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal court notwithstanding the failure of Plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "**any Plaintiff could avoid removal simply by declining . . . to place a specific dollar claim upon its claim**.") (emphasis added).

20.    Plaintiff also claims that he has suffered and continues to suffer significant and permanent emotional distress, including anguish, humiliation, embarrassment, and anxiety as a direct and legal result of Defendant's acts and conduct, and further seek medical and related expenses for care and procedures both now and in the future.  (Complaint ¶¶ 47, 48, 64, 75, 77, 79.)  Plaintiff does not limit the amount of damages he is seeking. In similar disability discrimination cases, plaintiffs have been awarded economic and non-economic damages well over the jurisdictional amount.  *See*, *e.g. Richards v. CH2M Hill, Inc.*, 26 Cal. 4th 798 (2001).

21.    For instance, in *Green v. State of California*, 42 Cal. App. 4th 254 (2007), a jury awarded a former employee $597,088 in economic damages and $2 million in noneconomic damages as a result of disability discrimination in violation of FEHA and the Americans with Disabilities Act.  In *Cuiellette v. City of Los Angeles*, 194 Cal. App. 4th 757, 760 (2011), a jury awarded a plaintiff a total $1,571,500 verdict in a

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

disability discrimination in violation of FEHA case against the former employer. In *Atkins v. City of Los Angeles*, 8 Cal. App. 5th 696, 714 (2017), the jury found in favor of five plaintiffs and awarded a total of $12 million in past and future economic and noneconomic losses in a disability discrimination in violation of FEHA case. In *Harris v. City of Santa Monica*, 56 Cal. 4th 203, 213 (2013), the jury awarded plaintiff $177,905 in damages, of which $150,000 were for non-economic losses, in a disability discrimination in violation of FEHA case.

22. Plaintiff also seeks reasonable attorneys' fees, costs of suit, punitive and exemplary damages. (Complaint ¶¶ 47, 50, 51, 64, 69, 70, 75, 81, 82, Prayer for Relief ¶¶ 3, 6, and 7.) It is well settled that in determining whether a complaint meets the $75,000.00 amount in controversy, the Court should consider the aggregate value of claims for compensatory and punitive damages as well as attorneys' fees. *See, e.g.*, *Bell v. Preferred Life*, 320 U.S. 238 (1943); *Goldberg v. C.P.C. Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amounts). Additionally, claims for exemplary damages and future attorneys' fees are to be considered as part of the amount in controversy, where attorneys' fees are provided by statute. *Fritsch v. Swift Transportation Co. of Arizona,* 899 F.3d 785, 788 (9th Cir. 2018) ("[w]e conclude that if a plaintiff would be entitled under a contract or statute to future attorneys' fees, such fees are at stake in the litigation and should be included in the amount in controversy"); see also *Wright & Miller*, Federal Practice & Procedure, § 3712 (1971); *Graham v. Henegar*, 640 F.2d 732, 738, n. 9 (5th Cir. 1981). Here, attorneys' fees are provided by statute, specifically Cal. *Gov't Code* § 12965(b) and Cal. *Lab. Code* § 1102.5(f), thus requiring that Plaintiff's claims for such fees, including future fees, be considered in determining whether the "amount in controversy" requirement has been met. *Fritsch*, *supra*, 899 F.3d at pp. 794-796; *Galt v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1988); *see also Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding amount in controversy issue, a court may estimate the amount of

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221

reasonable attorneys' fees likely to be recovered by plaintiff if he were to prevail). If proven, Plaintiff's allegations will entitle him to aggregate general, compensatory, and punitive damages in an amount well in excess of $75,000.00 exclusive of interest and costs. The potential attorneys' fees at issue also exceed $75,000.00. Considering the aggregate of Plaintiff's claims, the amount in controversy is well in excess of the threshold jurisdictional amount of $75,000.00.

23.     Plaintiff also seeks to recover for civil penalties under the Whistleblower Protection Act of up to ten thousand dollars ($10,000) for each violation of this section. Cal. *Lab. Code* § 1102.5 (f); (Complaint, ¶ 54.)

24.     When Plaintiff's claim for loss of earnings and lost future earning capacity is coupled with Plaintiff's claims for general, special damages, punitive damages, and civil penalties, the amount in controversy well exceeds $75,000.00. *See Cable v. Merit Life Ins. Co.* 2006 U.S. Dist. LEXIS 51084, (E.D. Cal. 2006) (the amount in controversy includes claims for general damages, exclusive of costs and interest).

25.     Based on the foregoing, the threshold jurisdictional amount in controversy more likely than not is satisfied.

### NOTICE TO COURT AND PARTIES

26.     Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court for the State of California for the County of Los Angeles.

### CONCLUSION

27.     For all the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446.

///

///

**WHEREFORE**, having provided notice as required by law and based on the above, the above-entitled action should hereby be removed from the Superior Court of the County of Los Angeles to this Honorable District Court.

Dated:  April 15, 2021

THARPE & HOWELL, LLP

By: _____
SHERRY B. SHAVIT
RANIA AFRAM
Attorneys for Defendant,
SECURITAS SECURITY
SERVICES USA. INC.

I:\32000-000\32053\Pleadings\Federal\Removal\Notice of Removal.docx

THARPE & HOWELL, LLP
15250 Ventura Boulevard, Ninth Floor
Sherman Oaks, California 91403-3221